**CANALES et al. v. LAUGHLIN et al.**

No. 11849.

Court of Civil Appeals of Texas.
San Antonio.

May 19, 1948.

Rehearing Denied May 26, 1948.

Perkins & Floyd and Carmel F. Davis, all of Alice, for appellants.

Lloyd & Lloyd, of Alice, and Robert Lee Bobbitt, of San Antonio, for appellees.

MURRAY, Justice.

This is an appeal by Gus Canales, individually and as County Commissioner of Precinct No. 4 of Jim Wells County, Texas, and Albert D. Gartner and eight other taxpaying citizens of Jim Wells County, from an order of the District Judge of Jim Wells County denying and dismissing their petition for a temporary injunction against C. Woodrow Laughlin, County Judge, Dan J. Scruggs, Commissioner of Precinct No. 1, T. E. Patterson, Commissioner of Precinct No. 2, Max Seim, Commissioner of Precinct No. 3, and certain other named county officials of Jim Wells County, and Bryan Patterson, County Road Unit Administrative Officer.

This appeal involves the legality of the following resolutions or orders passed by the Commissioners' Court of Jim Wells County, at a special meeting on February 2, 1948, as shown by the following copy of the minutes, to-wit:

"In the Matter of the Appointment of a County Road Unit Administrative Officer

"Minutes of the Court

"Dated: February 2nd, 1948

"Filed:

"Recorded: Vol. 4, pp 448-450

"Commissioners' Court Minutes

"Jim Wells County, Texas.

"The States of Texas

"County of Jim Wells

"Be it remembered, that on the 2nd day of February, 1948, there was begun and held a Special Session of the Commissioners' Court of Jim Wells County, Texas, with the following members present, to-wit:

| | |
|---|---|
| C Woodrow Laughlin | County Judge |
| Dan J. Scruggs | Commissioner, Precinct No. 1 |
| T. E. Patterson | Commissioner, Precinct No. 2 |
| Max Seim | Commissioner, Precinct No. 3 |
| Gustavo Canales | Commissioner, Precinct No. 4 |

"The Commissioners' Court was opened by proclamation of the Sheriff at the Courthouse Door as prescribed by law; whereupon the following business was transacted:

"It was moved by Commissioner Scruggs and seconded by Comissioner Patterson that the following order and resolution be passed:

"Whereas, Jim Wells County, due to the rapid development of its natural resources and the discovery of large oil and gas fields in the county and due to the rapid increase of its population and vehicular traffic on the county roads, is confronted with a greatly increased necessity and demand for building and maintaining roads for the public welfare and benefit;

"Whereas, the Commissioners' Court finds that a unified program of building and maintaining roads for the County as a whole will be more efficient and economical and will result in better road construction and maintenance than will result from the present system of allowing each precinct to construct, build and maintain its roads without regard to each other precinct and the County as a whole;

"Whereas, the Commissioners' Court has investigated and considered the relative merits of county unit road building and maintenance and the existing precinct system and has determined that Jim Wells County should build, operate and maintain roads as a unit:

"Now, therefore, the Commissioners' Court orders and decrees:

"(1) That from and after this date the roads in Jim Wells County shall be built, operated and maintained as a unit and that the unit system of operation for road building and maintenance is adopted by the County.

"(2) The construction and maintenance of county roads, the ownership and use of all county road equipment, materials and supplies and the administration of all employees of the County engaged in road construction or maintenance shall be on the basis of the County as a whole without regard to Commissioner's Precincts.

"(3) The Commissioners' Court shall employ a competent and capable person who shall be known as Jim Wells County Road Unit Administrative Officer who shall have supervision of all road building and maintenance in Jim Wells County and who shall employ and discharge all County road empoyees.

"(4) The Commissioner's Court shall deal with all county road personnel and employees through the County Road Unit Administrative Officer.

"(5) The County Road Unit Administrative Officer shall give bond in such amount and surety as may be approved by the Commissioners' Court. The premium on such bond shall be paid by the County. The County Road Unit Administrative Officer shall take an official oath of office.

"(6) Before any claim covering the purchase of equipment, materials, supplies and services, the salaries and wages for employees, for work on or in the construction of the roads of the County, shall be approved and ordered paid by the Commissioners' Court, the County Road Unit Administrative Officer shall certify in writing to the correctness of the claim.

"(7) No claim or bill for the purchase of equipment, materials, supplies and services for the roads or fences therefor shall be paid by the Commissioners' Court un-

less prior to the purchase thereof the recommendation therefor and approval thereof has been obtained from the County Road Unit Administrative Officer.

"Upon the vote being called for, Commissioner Scruggs and Patterson voted 'aye' and Commissioners Canales and Seim voted 'no,' whereupon the vote being tied, County Judge Laughlin voted 'aye' and the resolution was duly carried.

"It was moved by Commissioner Seim and seconded by Commissioner Patterson, that Bryan Patterson be appointed County Road Unit Administrative Officer at a salary of $390.00 per month, upon his giving bond as required by law in the amount of $12,000.00. Motion unanimously carried.

"Whereupon, Bryan Patterson tendered his resignation as Tax Collector-Assessor of Jim Wells County; whereupon, it was moved by Commissioner Canales and seconded by Commissioner Seim that his resigation be accepted and that Jack T. Gladney, Jr., be appointed County Tax Collector-Assessor upon his qualifying and taking the oath as required by law, and that Bryan Patterson continue to serve until Mr. Gladney has qualified. Motion unanimously carried.

"There being no further business to be transacted at the Special Session this 2nd day of February, 1948, the Court unanimously agreed to adjourn until the next regularly scheduled meeting thereof.

"Approved; C. Woodrow Laughlin,

"County Judge."

 It is contended by appellants that the effect of these orders of February 2, 1948, was to place the County of Jim Wells under "The Optional County Road Law of 1947," without submitting the adoption of such a road law to a vote of the qualified voters of the County, as is provided for by Article 6716—1, Vernon's Ann.Civ.St., Acts 1947, 50th Legislature, Regular Session, Chapter 178, p. 288. This act of the Legislature is known as "The Optional County Road Law of 1947," and provides that it may be adopted by a majority vote in any county. Unquestionably, the orders of February 2, 1948, adopted some, but not all, of the provisions of Art. 6716—1 Vernon's Ann.Civ.Stats. The very name of

this act indicates that it is not to be the exclusive county road law, but only an *optional* county road law. The implication being that if a county does not see fit to adopt this new law then it is free to operate under any existing laws relating to county roads. Jim Wells County has not adopted the Optional County Road Law of 1947 by a majority vote, therefore, it is at liberty to operate under any other laws heretofore existing. The fact that the orders of February 2d may contain some of the features of the Optional Road Law of 1947 does not of itself condemn such provisions if they are authorized by existing law. If a county has, by a majority vote, adopted the Optional Road Law, then that law is its authority for operating under its provisions, but if a county had not so adopted this new law, then such county must find justification for its mode of operating in existing laws. There is nothing in the optional road law which prohibits a county from adopting any of its provisions without a vote of the people, but once such law has been adopted by a vote of the people, then that county must operate under that law. It matters not that some of the provisions of the orders of February 2d are the same as the Optional Road Law of 1947, the important question is, are such provisions illegal under existing laws? We agree with appellants that appellees cannot look to the Optional County Road Law of 1947 for justification and authority for the passing of the orders of February 2, 1948, until such law has been adopted by a majority vote of the qualified voters of Jim Wells County, but we disagree that this Act in itself in any way prohibits the Commissioners' Court from doing the things they did on February 2d.

 Appellants' contention that the Commissioners' Court was without authority to appoint a County Road Unit Administrator at a salary of $390 per month, and to delegate to him such discretionary matters as were delegated, we think are fully answered against him by the opinion of the Supreme Court in Gulf Bitulithic Company v. Nueces County, Tex.Com.App., 11 S.W. 2d 305. When that case was before this Court it was held upon facts very similar

to those here presented, that the order of the Commissioners' Court of Nueces County was void for the reasons presented by appellants, but when that case reached the Supreme Court the Court of Civil Appeals' opinion was reversed and such orders of the Nueces County Commissioners' Court were held to be valid for reason which are applicable here. We overrule appellants' contentions for the reasons given by the Supreme Court in that case.

Appellants further contend that the County Commissioners were prevented from doing duties required of them under Article 6713, Vernon's Ann.Civ.Stats., as a result of the orders of February 2d. We overrule these contentions. Said Article 6713, in effect, requires a County Commissioner to supervise the public roads within his precinct once each month. This could mean nothing more than a mere monthly inspection of such roads. The duties to be performed by Bryan Patterson as County Unit Administrative Officer were something quite different. The County Commissioner could still inspect the roads of his precinct monthly without in any way interfering with the duties of the County Unit Administrative Officer.

The order of the trial court dismissing appellants' petition for a temporary injunction is affirmed.